**ROHM AND HAAS COMPANY,**
Appellant,

v.

**Robert GOTTSCHALK, Commissioner of Patents.**

No. 73-1653.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 24, 1974.

Decided Sept. 18, 1974.

William E. Lambert, III, Philadelphia, Pa., with whom George W. F. Simmons, Philadelphia, Pa. and Franklin D. Wolffe, Washington D.C. were on the brief for appellant.

Fred E. McKelvey, Atty., Washington, D.C., for appellee. Joseph F. Nakamura, Sol., was on the brief for appellee.

Eric P. Schellin, Arlington, Va. and Anne M. Kornbau, Arlington, Va. filed a brief on behalf of National Patent Council, Inc., as amicus curiae urging reversal.

Before McGOWAN and TAMM, Circuit Judges, and EDWARDS,* United States Circuit Judge for the Sixth Circuit.

PER CURIAM.

This is a patent case which is subject to disposal on purely procedural grounds. Following a practice known as "withdrawal" which had gained some standing in the Patent Examiner's office, the Examiner rejected claims 12 to 17 of plaintiff-appellant's patent application and then "withdrew" claims 23 and 24 from consideration. The effect of this was to leave plaintiff free to refile these claims separately. As of the time of the Examiner's action, however, the "withdrawal" was conceived in the Patent Office not to represent a rejection. Hence no appeal could be taken from the Examiner's order.

Plaintiff-appellant did, however, unsuccessfully petition the defendant Commissioner to review the Examiner's decision. It then sought to appeal to the District Court under 5 U.S.C. § 702 (1970), and 28 U.S.C. § 1361 (1970). The District Judge relying on the lack of finality of the "withdrawal" proce-

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a).

dure denied appellant's motion for summary judgment and dismissed the action.

Some time thereafter, on November 1, 1973, the Court of Customs and Patent Appeals decided a case called In re Haas, 486 F.2d 1053 (1973). The court held that when an Examiner designated an adverse decision as a "withdrawal" of a claim from further consideration it was "in fact a rejection of that claim on the ground that it encompasses independent and distinct inventions." *Id.* at 1056. The court thereupon held that appeals could be taken from such a rejection.

"We find that the action taken by the examiner did in fact amount to a rejection of claims 1 and 2. Those claims were withdrawn from consideration not only in this application but prospectively in any subsequent application because of their content. In effect there had been a denial of patentability of the claims. Presumably only by dividing the subject matter into separate, and thus different, claims in plural applications could an examination of the patentability of their subject matter be obtained.

Conclusion

"We are thus led inevitably to the conclusion that the examiner's action here meets the standard established in Hengehold for adverse decisions reviewable by the board. The absolute 'withdrawal' herein cannot properly be categorized as merely a 'requirement' or 'objection' and the avenue of review thereby be restricted to petition and judicial examination under 5 U.S. C. §§ 701–706. An examiner's adverse action of this nature *is* a rejection, a denial of substantive rights. Review thereof must fall within the jurisdiction of the board." In re Haas, 486 F.2d 1053, 1056 (1973). (Emphasis in original).

In re Haas is directly in point with our instant appeal as appellee conceded at oral argument. Since we agree with the reasoning of In re Haas, *supra,* we vacate the District Court judgment in this case and direct the District Court to remand this appeal to the Patent Office for further proceedings in the light of In re Haas. Appellant under our order or remand retains the right to full administrative review of his pending petition under the principles of In re Haas.